IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 19-po-5552** |
| **v.** | * | |
| | * | |
| | * | |
| **KALEB K. GURARA,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

************

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 30) ("Def. Mot. Dismiss"), the Government's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss (ECF No. 31) ("Gov't Resp."), and Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss (ECF No. 32). For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

On July 17, 2019, following a traffic stop by United States Park Police Officer Gogarty on the Baltimore-Washington Parkway, Defendant was charged with, among other Class B misdemeanors, driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1) and (2). ECF Nos. 1, 7. On October 4, 2019, Defendant initially appeared before this Court, which set the trial for February 24, 2020. ECF Nos. 6, 14-15. On November 7, 2019, the trial was rescheduled to March 2, 2020. ECF No. 16. On December 5, 2019, defense counsel entered his appearance, demanded a speedy trial, and requested discovery. ECF No. 17.

The Court's review of the audio record indicates that on March 2, 2020, defense counsel requested a continuance of the trial because he had not received discovery from the Government. The Court thus continued the trial to April 6, 2020. ECF Nos. 20-21. According to the Government, it sent discovery to defense counsel on March 4, 2020. Gov't Resp. 2. On March 5, 2020, the Court rescheduled the trial to May 4, 2020. ECF No. 22.

In response to the COVID-19 pandemic, Chief United States District Judge James K. Bredar then issued a series of orders beginning on March 20, 2020, postponing Central Violations Bureau proceedings through November 30, 2020. Order, No. 1:20-mc-146, *In re COVID-19 Pandemic Procedures* (D. Md. filed Mar. 20, 2020); Order, No. 1:20-mc-146, *In re COVID-19 Pandemic Procedures* (D. Md. filed May 22, 2020); Order, No. 1:20-mc-146, *In re COVID-19 Pandemic Procedures* (D. Md. filed Aug. 18, 2020); Order, No. 1:20-mc-146, *In re COVID-19 Pandemic Procedures* (D. Md. filed Oct. 27, 2020). On November 11, 2020, all in-court hearings and proceedings in the District of Maryland were suspended beginning on November 16, 2020. Standing Order 2020-20, No. 1:00-mc-308, *In re Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Md. filed Nov. 11, 2020). On November 19, 2020, the Court continued the suspension of in-court hearings and proceedings through January 15, 2021. Standing Order 2020-21, No. 1:00-mc-308, *In re Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Md. filed Nov. 19, 2020). On January 4, 2021, the suspension of in-court hearings and proceedings was continued through February 26, 2021. Standing Order 2021-01, No. 1:00-mc-308, *In re Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Md. filed Jan. 4, 2021).

According to the Government, the parties discussed on January 29, 2021, the disposition of this case but did not reach an agreement. Gov't Resp. 2. The Court reentered Phase Three on

March 1, 2021, and resumed conducting some proceedings in person and continued to conduct some proceedings virtually as determined by the presiding judge on a case-by-case basis. Second Amended Standing Order 2021-04, No. 1:00-mc-308, *In re Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Md. filed May 3, 2021).  Beginning on June 1, 2021, the Court modified Phase Three of its Recovery Plan to accommodate, among other things, mediation and settlement conferences held virtually or in person in the discretion of the presiding magistrate judge.  Standing Order 2021-07, No. 1:00-mc-308, *In re Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Md. filed May 26, 2021).  The Court further amended its Phase Three restrictions to take effect on July 1, 2021.  Amended Standing Order 2021-07, No. 1:00-mc-308, *In re Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Md. filed June 23, 2021).  Beginning on September 8, 2021, the Court required (with some exceptions) all persons seeking to enter the courthouses in the District of Maryland either to be fully vaccinated against the COVID-19 virus or to provide a negative COVID-19 test result before being permitted to enter.  Standing Order 2021-10, No. 1:00-mc-308, *In re Vaccination Policy* (D. Md. filed Aug. 25, 2021).

On September 7, 2021, the Court scheduled a status hearing in this case for September 23, 2021.  ECF No. 26.  In its scheduling order the Court advised the parties that "proceedings which are contested or involve the formal production of evidence (e.g trials, contested violation of probation hearing, suppression hearings, etc.) cannot be conducted virtually." *Id.*  "Therefore, if the Court is still proceedings virtually (not in-person) on the date of the scheduled proceeding and the proceeding will be contested or involve the formal production of evidence, it will be rescheduled to a later time when the Court resumes in-person proceedings." *Id.*  "If that is the case, you should advise [the courtroom deputy clerk] as soon as possible." *Id.*  On that same

3

day, the Court contacted defense counsel via email to provide the proposed trial dates of September 20, October 25, or November 15. On September 9, defense counsel replied that his client sought a trial and requested the date of November 15. On September 10, the Court set trial for November 15, 2021. The Court entered a separate scheduling order on November 3, 2021, with the same advisement to the parties as its September 7 scheduling order. ECF No. 27. On November 15, 2021, Defendant filed the present Motion to Dismiss, and the Court continued the case to consider the motion.

## **DISCUSSION**

Because Defendant's alleged offenses are Class B misdemeanors, the provisions of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, do not apply. *See* 18 U.S.C. §§ 3172(2), 3559(a)(7), 3581(b)(7); 36 C.F.R. § 1.3(a); *see United States v. Henson*, No. 13-PO-2937, 2014 WL 3891365, at *2 (D. Md. filed Aug. 5, 2014). Rather, the Court analyzes Defendant's claim of a violation of his right to a speedy trial under the Sixth Amendment, which provides, in relevant part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "Despite this guarantee, however, the Sixth Amendment does not prescribe any specified length of time within which a criminal trial must commence." *United States v. Olsen*, 995 F.3d 683, 686 (9th Cir. 2021) (per curiam). "To establish a violation of this constitutional guarantee, a defendant first must show that the Amendment's protections have been activated by an 'arrest, indictment, or other official accusation.'" *United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012) (quoting *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005)). When the Sixth Amendment's protections have been activated by a qualifying event, the Court employs the four-part balancing test as delineated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972). *Id.*; *see Doggett v. United States*, 505

U.S. 647, 112 S. Ct. 2686 (1992); *United States v. MacDonald*, 456 U.S. 1, 102 S. Ct. 1497 (1982).  The four factors the Court considers are

    (1)    whether the delay before trial was uncommonly long;

    (2)    whether the Government or Defendant is more to blame for that delay;

    (3)    whether, in due course, Defendant asserted his right to a speedy trial; and

    (4)    whether he suffered prejudice from the delay.

*Burgess*, 684 F.3d at 451 (citing *United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011)).  To prevail on his speedy-trial claim, Defendant is obliged to establish that, on balance, the four separate factors weigh in his favor.  *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (citing *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

    According to Defendant, "[c]iting the pandemic, this Court postponed the trial for more than nineteen months."  Def. Mot. Dismiss ¶ 9.  "Counting from the date that [he] received the charges to the date set for trial, the time elapsed is two years and nearly four months, totaling 850 days."  *Id.* ¶ 10.  "Counting from the date that [he] first appeared before a Magistrate to the date set for trial, the time elapsed is more than eighteen months, totaling 623 days."  *Id.* ¶ 11.  Defendant thus argues that "[t]his delay violated Federal law" and that the "U.S. Government is foreclosed from arguing that the delay was caused by the pandemic" because the "Maryland State Court system returned to non-jury, misdemeanor trials as of August 31, 2020, a delay of fewer than six months."  *Id.* ¶¶ 12, 15-16.  "Moreover, the U.S. Government contributed or caused the delay" because "[i]n early 2020, the U.S. Government made knowingly false and medically reckless official public proclamations about the virus."  *Id.* ¶ 17.  "Based on a comparison with every other industrialized nation as a standard, the actions of the U.S. Government contributed to the spread of the coronavirus."  *Id.*  Defendant thus maintains that

5

"the delay violates [his] Sixth Amendment right to a speedy trial." *Id.* ¶ 18.  The Court turns to a consideration of the four *Barker* factors.

**A.     Length of Delay**

The Court first addresses the length of the delay in this case.  "The duration of the delay, in addition to being a factor in this test, also is a threshold requirement because the defendant must establish that the length of the delay is at least presumptively prejudicial." *Burgess*, 684 F.3d at 451 (citing *Doggett*, 505 U.S. at 651-52, 112 S. Ct. at 2690-91).  "If the delay is not uncommonly long, the inquiry ends there." *United States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) (citing *Doggett*, 505 U.S. at 652, 112 S. Ct. at 2690-91).  Although "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge," *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192, a one-year delay is generally treated as presumptively prejudicial. *Shealey*, 641 F.3d at 634 (citing *Thomas*, 55 F.3d at 149).  However, "a postaccusation delay as short as eight months may qualify as presumptively prejudicial in cases of limited complexity." *Burgess*, 684 F.3d at 452 (citing *Woolfolk*, 399 F.3d at 598).  "[I]n this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1.

Here, the delay in this case is presumptively prejudicial.  *See Hall*, 551 F.3d at 272 (determining that two-year period of delay justified further speedy-trial analysis); *United States v. Pair*, 522 F. Supp. 3d 185, 191-93 (E.D. Va. 2021), *appeal filed*, No. 21-4269 (4th Cir. June 1, 2021).  "[O]nce finding that a delay is presumptively prejudicial, courts rarely devote much

energy to evaluating the length of the delay." *Pair*, 522 F. Supp. 3d at 192 n.7.  The Court thus assesses the other factors to determine whether there has been a constitutional deprivation.

**B.      Reasons for Delay**

> Courts must assign "different weights . . . to different reasons" for delay.  Delays "should be characterized as either valid, improper, neutral."  An improper reason for delay – such as to hamper the defense, gain an advantage, or harass the defendant – weighs "heavily against the government."  A more neutral reason – such as negligence, overcrowded courts, or an understaffed prosecutor's office – also weighs, albeit less heavily, against the government.  Finally, a valid reason, such as a missing witness, weighs in favor of the government.

*Id.* at 193 (alteration in original) (citations omitted).

In this case, Defendant points to no "prosecutorial misconduct or bad intent on the part of the government."  *Hall*, 551 F.3d at 272.  Rather, he argues that "the U.S. Government contributed to the delay, and the judiciary extended the delay."  Def. Mot. Dismiss ¶ 21.  The Court finds, however, that, "[i]n the case of the COVID-19 pandemic, the Government does not bear the ultimate responsibility for the pandemic; the pandemic is outside of the control of either the parties or the courts."  *Pair*, 522 F. Supp. 3d at 194.  "Moreover, delay caused by the pandemic is justified."  *Id.*  Because the COVID-19 pandemic is a valid (or at least a neutral) reason for the delay, the Court finds that this factor weighs in favor of the Government.  *See id.* at 195; *cf. United States v. Arthur*, No. 17-CR-253-PWG-4, 2020 WL 3073322, at *7 (D. Md. June 10, 2020) ("The delay caused by exigent circumstances created by the COVID-19 pandemic cannot be weighed against the Government, and I consider it neutral.").

**C.      Defendant's Assertion of Right to Speedy Trial**

The Court next turns to Defendant's assertion of his right to a speedy trial.  The Court notes that

> [f]ailure to assert the right to a speedy trial, and even the explicit waiver of that right, is not dispositive of a Sixth Amendment speedy-trial claim, but it is a factor

>in determining whether the defendant's speedy-trial right has been violated, and "the failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."

*Thomas*, 55 F.3d at 150 (citations omitted). Defendant asserted his right to a speedy trial on December 5, 2019. ECF No. 17. Accordingly, the third factor weighs in Defendant's favor. *But see Pair*, 522 F. Supp. 3d at 196-97 ("Although Pair has proved that he vigorously asserted his right to a speedy trial, he has not proved that this assertion was timely. By mid-September 2020, Chief Judge Davis had entered five General Orders continuing all criminal jury trials in the Eastern District of Virginia, the Court had entered an order extending Pair's speedy trial deadline, and Pair's trial had been rescheduled from its original April 6 date to September 30. This occurred over a six-month period without Pair or his counsel ever objecting or explicitly raising his constitutional right to a speedy trial. . . . For six months – almost half of the thirteen to fourteen month delay in this case – Pair failed to assert his right to a speedy trial. This does not allow the Court to make a strong inference that the delay was intolerable, that the reasons for the delay were improper, or that Pair experienced some personal prejudice that cannot be proven otherwise. Thus, this factor is best considered as neutral.").

**D.      Prejudice to Defendant**

Last, the Court analyzes the prejudice, if any, to Defendant. "[A] prime determinant of a violation is whether the delay prejudiced the defendant's ability to prepare a defense." *United States v. Roper*, 716 F.2d 611, 614 (4th Cir. 1983) (citing *Barker*, 407 U.S. at 530, 532, 92 S. Ct. at 2191, 2192). When considering the delay's adverse impact on the defense, the Court considers (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired. *Hall*, 551 F.3d at 272 (citing *Barker*, 407 U.S. at 532, 92 S. Ct. at 2193); *see Grimmond*, 137 F.3d at 829. "Of

these, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Grimmond*, 137 F.3d at 829-30 (quoting *Barker*, 407 U.S. at 532, 92 S. Ct. at 2193).

In this case, Defendant has not been incarcerated while awaiting trial. Further, he has not identified "'any restraint on liberty, disruption of employment, strain on financial resources, [or] exposure to public obloquy' that was greater than that faced by 'anyone openly subject to criminal investigation.'" *Hall*, 551 F.3d at 272 (alteration in original) (quoting *MacDonald*, 456 U.S. at 9, 102 S. Ct. at 1502). Defendant neither has identified any witness that would be unavailable as a result of the delay nor has alleged that any witness would be unable to recall accurately the events in question. He neither has contended that any exculpatory evidence would be lost nor has identified any evidence that would be unavailable because of the delay. Defendant accordingly has not presented any evidence of impairment of his defense because of the delay. *See Grimmond*, 137 F.3d at 830; *see also United States v. Hopkins*, 310 F.3d 145, 150 (4th Cir. 2002) (defendant did not show that any evidence was damaged or lost, witnesses could not be found, or that his case was harmed in any manner by delay); *United States v. Reavis*, 48 F.3d 763, 770 n.2 (4th Cir. 1995) (defendant's inability to demonstrate that delay impaired ability to mount defense was among four factors leading to conclusion that delay between indictment and trial did not constitute denial of right to speedy trial).

In sum, although the delay in this case is uncommonly long and Defendant previously asserted his right to a speedy trial, the reason for the delay is valid (or at least neutral), and Defendant has not shown prejudice from the delay. In light of these four factors, the Court concludes that, on balance, Defendant's Sixth Amendment right to a speedy trial has not been violated.

## **CONCLUSION**

Defendant has not shown that, on balance, the four factors discussed above in considering his claim of a violation of his Sixth Amendment right to a speedy trial weigh in his favor. Accordingly, Defendant's Motion to Dismiss (ECF No. 30) is **DENIED**.

Date: December 14, 2021                    /s/
                                           Thomas M. DiGirolamo
                                           United States Magistrate Judge